**Christine ROBINSON, Plaintiff,**

v.

**ARKANSAS STATE HIGHWAY & TRANSPORTATION COMMISSION, Defendant.**

**No. LR–C–78–364.**

United States District Court,
E. D. Arkansas, W. D.

Feb. 17, 1982.

## ORDER

WOODS, District Judge.

The Court having conducted a trial in the above-styled matter on February 9, 1982 and having reviewed all of the exhibits introduced, including the transcript of the class certification proceeding, makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The plaintiff, a Pulaski County, Arkansas resident, is a black female employee

of defendant. She was hired in 1973 as a Clerk-Typist I and through successive promotions has now reached the classification of Secretary III, the highest classification below administrative and executive level positions. She has consistently achieved highly satisfactory performance ratings from her superiors.

2. The defendant is the duly organized planning agency exercising administrative control over the State Highway Department. Ark.Stat.Ann. § 76–201.1. The powers and duties of the Commission are set forth in Ark.Stat.Ann. § 76–201.5.

3. The plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission on November 3, 1977, complaining of discriminatory non-selection "for a vacancy within the department as a clerk-typist in the last part of October." After receiving a notice of Right to Sue in July of 1978, the plaintiff filed a complaint in this Court on October 17, 1978. The complaint alleged that the defendant refused to promote or transfer the plaintiff because of her race and that the defendant discriminated in a similar manner in hiring, firing, compensation, terms, conditions and privileges of employment against other persons of plaintiff's race, in violation of 42 U.S.C. §§ 1981 and 2000e.

4. Plaintiff was initially hired by defendant on April 18, 1973 as a Clerk-Typist I. She subsequently was promoted to a Clerk-Typist II. In October of 1977, the defendant announced that it was seeking candidates for a Clerk II in the Equal Employment Opportunity office. Plaintiff applied for this position, which amounted to a lateral transfer. We accept plaintiff's testimony that she wanted this position because it would permit her to improve her secretarial skills and on the whole offered more chance for promotion.

5. The vacancy in the Equal Employment Opportunity office was advertised as a Clerk II position, which by definition required no shorthand. However, the selecting official for the vacancy, Mr. Newsham, testified that it was his intention to upgrade the position to a Secretary I position as soon as practicable. The position was upgraded in June of 1978. The Secretary I position required shorthand abilities. The employee who occupied the position prior to the October vacancy had been a secretary with shorthand skills. Mr. Newsham further testified that because of his intention to upgrade the job and because the job required shorthand skills, he did not consider any applicant who had not reached a satisfactory proficiency in shorthand. Such proficiency was required because of the necessity of taking verbatim telephonic responses from contractors to inquiries from the EEO office. It was also required that his secretary should from time to time make verbatim transcripts of Board meetings within the highway department. Newsham himself rarely dictated material to his secretary.

6. The plaintiff was not selected for the vacant Clerk II position in the Equal Employment Opportunity office. Mr. Newsham selected a white female for the position. The primary qualifications relied upon in the selection of the white female was that her personnel file showed a minimum proficiency in shorthand of 80 words per minute. The plaintiff did not demonstrate comparable proficiency in shorthand.

7. The testimony of Newsham has not been refuted, and I find in accordance therewith. I further find that Newsham has articulated a legitimate non-discriminatory reason for plaintiff's non-selection and that such reason was not pretextual.

8. Plaintiff produced no evidence that a shorthand requirement resulted in a disproportionate disqualification of blacks for the vacant position.

9. There is no evidence of an intent on behalf of the defendant or its agents to discriminate against the plaintiff on the basis of race in the promotion, transfer, pay or otherwise in the conditions of her employment.

## CONCLUSIONS OF LAW

1. This is a case of racial discrimination in employment brought pursuant to 42

U.S.C. §§ 1981 and 2000e. The Court has jurisdiction under Title VII and 28 U.S.C. § 1343.

2. Plaintiff alleges that the denial of her transfer was discriminatory on two levels: First, that it was an incident of disparate treatment, *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and second, that her denial violated the principles of *Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971).

3. Plaintiff's claims under *McDonnell* are that she was a minority, qualified for the position she sought, that she was rejected, and that the employer continued to seek applicants of no greater qualifications and finally filled the position with a white.

4. The conclusions which the Court must reach flow from the fact that the defendant required a degree of shorthand expertise in applicants for the clerk-typist position at issue. The Court could conclude that the position did not require shorthand by virtue of the fact that it was not a written requirement in the job as advertised. Assuming this conclusion was reached by the Court, the Court would conclude that the plaintiff has established a *prima facie* case of discrimination; she belongs to a minority; she applied and was qualified for the job according to the written requirements, and despite these qualifications, she was rejected, and after her rejection the position remained open until filled by a white female. However, under this mode of analysis, the defendant articulated a legitimate, non-discriminatory reason for her non-selection, namely, the unwritten shorthand requirement. The plaintiff failed to prove that this reason was a pretext for discrimination, *McDonnell Douglas Corp. v. Green, supra*, and failed to carry her ultimate burden of proof and persuasion. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Discrimination was not a motivating factor in the non-selection of the plaintiff for the vacancy at issue.

Alternatively, the Court could conclude that the shorthand requirement was a bona fide requirement of the job. The Court is persuaded with this argument. While this requirement was not in writing, the Court concludes from the testimony of Mr. Newsham that it was in fact a requirement. Under this view of the facts, the plaintiff failed to make a *prima facie* case of discrimination in that she failed to demonstrate that she was qualified for the job in that she lacked the requisite shorthand. Under either analysis the plaintiff cannot prevail.

5. The shorthand requirement did not have a disproportionate impact against the plaintiff or against blacks in general.

6. The plaintiff has failed to prove that the defendant discriminated against her in her employment because of her race in violation of the Civil Rights Act of 1966, 42 U.S.C. § 1981 or in violation of Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e.

Judgment will, therefore, be entered in accordance with the above Findings and Conclusions dismissing the plaintiff's complaint with each party bearing its own costs and attorney fees.