Christine ROBINSON, Appellant,

v.

ARKANSAS STATE HIGHWAY AND TRANSPORTATION COMMISSION, Appellee.

No. 82–1361.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1982.

Decided Feb. 9, 1983.

Rehearing and Rehearing En Banc Denied May 3, 1983.

Richard Quiggle, John W. Walker, Little Rock, Ark., for appellant.

Thomas Keys, Atty., Arkansas State Highway Dept., Friday, Eldredge & Clark by Walter A. Paulson, II and Bill S. Clark, Little Rock, Ark., for appellee Arkansas State Highway and Transp. Com'n.

Before ROSS and FAGG, Circuit Judges, and SCHATZ,* District Judge.

FAGG, Circuit Judge.

Christine Robinson appeals the district court's decision dismissing her racial discrimination in employment claim and entering judgment for the Arkansas State Highway and Transportation Commission. *See Robinson v. Arkansas State Highway & Transportation Commission,* 532 F.Supp. 764 (E.D.Ark.1982). Robinson argues that the Commission's reason for not hiring her was pretextual, that a class should have been certified, and that intervention by four other applicants for employment should have been allowed. We affirm the district court.

Robinson, a black female, was hired by the Commission in 1973 as a Clerk-Typist I and was subsequently promoted to a Clerk-Typist II. The Commission advertised a list of job openings in October of 1977 that included a Clerk-Typist II vacancy in the Equal Employment Office. Robinson applied for a transfer into the position but was not selected. A white female with shorthand skills was hired by Frank Newsham, the section head of the EEO office and the selecting official for the vacancy.

The record established that the position in question, Clerk-Typist II, did not require shorthand skills. However, Newsham testified that he interviewed for a Secretary rather than a Clerk-Typist because he had employed a Secretary in the past and needed a Secretary. Secretary positions require shorthand skills. When Newsham discovered that the vacancy had been classified as a Clerk-Typist II, he complained to his supervisor and ignored the Clerk-Typist II description because he intended to regain Secretary classification for the position.

Robinson has established a prima facie case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). The only disputed element of the *McDonnell* test is whether Robinson was qualified for the position. We conclude that she was qualified because the advertised position did not include a shorthand requirement. In October of 1977 she was a Clerk-Typist II and was qualified for the Clerk-Typist II opening in the EEO office. However, the Commission met its burden of articulating a legitimate, nondiscriminatory reason for Robinson's rejection. *See id.* Newsham testified that the hiring decision was based on the unwritten shorthand requirement.

Robinson argues that the shorthand explanation offered by the Commission was a post hoc fabrication and is a pretext for discrimination. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 254–56, 101 S.Ct. 1089, 1094–95, 67 L.Ed.2d 207 (1981). Robinson relies on evidence in the record indicating that Newsham only checked her application but reviewed the personnel record of the white female; that Newsham rarely dictated to his secretary and had not formulated a minimum shorthand requirement in terms of a word per minute standard; and that a personnel transfer form did not list shorthand as a reason for the denial of her transfer request. Robinson also makes a generalized argument that her statistical evidence indicated pretext. Because she does not analyze her statistical evidence nor explain how such evidence demonstrates that her failure to be transferred was racially motivated, we are not persuaded by this argument. *See Johnson v. Bunny Bread Co.,* 646 F.2d 1250, 1254–55 (8th Cir.1981).

* The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

Since Robinson does not challenge the legal standard but argues that an incorrect factual determination on the issue of discriminatory intent was made by the lower court, we have a narrow scope of review. *See Pullman-Standard v. Swint,* 456 U.S. 273, 287–91, 102 S.Ct. 1781, 1789–91, 72 L.Ed.2d 66 (1982). Trial court fact findings in a nonjury case cannot be set aside unless clearly erroneous and due regard is given to the court's opportunity to judge the credibility of the witnesses. *Kendrick v. Commission of Zoological Subdistrict,* 565 F.2d 524, 526 (8th Cir.1977).

After reviewing the record as a whole, we are unable to conclude that the findings of the district court are clearly erroneous. The court specifically credited the testimony of Newsham and noted that his testimony was unrefuted by other witnesses. *See Robinson v. Arkansas State Highway & Transportation Commission, supra,* 532 F.Supp. at 765. Newsham testified that he checked the applications of the four job applicants to determine which applicants had shorthand skills. The applications indicated that Robinson and the other two applicants had no such skills while the white female had a shorthand proficiency of eighty words per minute. Newsham reviewed the white female's entire personnel record, interviewed her, and gave her the job. Since Newsham dictated to his secretary on a sporadic basis and was analyzing three applications indicating none as opposed to one showing some shorthand proficiency, it is understandable that he had not formulated a precise word per minute criterion. Newsham testified that the proficiency in shorthand was required not only because he intended to upgrade the job to a Secretary position but because the job also required taking verbatim telephone conversations from contractors responding to inquiries from the EEO office. Also, the secretary was sometimes required to make verbatim transcripts of board meetings within the highway department and of testimony at grievance hearings.

Although the transfer form did not list shorthand as a reason for the denial of Robinson's transfer request, Newsham testified that the transfer form was a personnel office form and that he had no occasion to see it. His testimony that he did not write the reasons given on the form or communicate those reasons to the personnel office is unrefuted and was credited by the trial court. In fact, Robinson testified that when she confronted Newsham shortly after the white female was selected, he stated he had hired someone with shorthand skills and that shorthand was one of the principal reasons that she did not get the job. The district court's ruling that the primary qualification relied upon in the selection of the white female was her shorthand proficiency and that there was no evidence of an intent to discriminate on the basis of race is not clearly erroneous.

We have examined Robinson's other arguments regarding the certification of a class and the denial of intervention. These arguments have no merit. We affirm the district court.

Affirmed.